

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*Hill Co.,*

Honorable A. J. Bryan, Jr
Criminal District Attorney
Hillsboro, Texas

Dear Sir:                    Attention: Mr. Wm. B. Martin

Opinion No. O-2925
Re: Employment for road work
in Precinct by County Commissioner of brother-in-law of another commissioner.

This will acknowledge receipt of your letter of November 22, 1940, requesting the opinion of this Department upon the following questions:

"A county commissioner would like to hire a man to work on the roads in his precinct who is a brother-in-law of one of the other commissioners. Would the commissioner be violating the Nepotism law if he hired the man?

"We are in doubt as to whether or not such action would be prohibited by the Nepotism law since the employment need not be confirmed by the commissioners court nor voted on by the Court."

Articles 432 and 433, Vernon's Annotated Penal Code, read as follows:

"Art. 432. No officer of this State or any officer of any district, county, city, precinct, school district, or other municipal subdivision of this State, or any officer or member of any State, district, county, city, school district or other municipal board, or judge of any court, created by or under authority of any general or special law of this State, or any member of the Legislature, shall appoint, or vote for, or confirm the appointment to any office, position, clerkship, employment or duty, of any person related within the second degree by af-

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. A. J. Bryan, Jr., page 2

finity or within the third degree by consanguinity to the person so appointing or so voting, or to any other member of any such board, the Legislature, or court of which such person so appointing or voting may be a member, when the salary, fees, or compensation of such appointee is to be paid for, directly or indirectly, out of or from public funds or fees of office of any kind or character whatsoever.  Acts 1909, p. 85, Acts 1915, p. 149."

"Art. 433. The inhibitions set forth in this law shall apply to and include the Governor, Lieutenant Governor, Speaker of the House of Representatives, Railroad Commissioners, head of departments of the State government, judges and members of any and all Boards and courts established by or under the authority of any general or special law of this state, members of the Legislature, mayors, commissioners, recorders, aldermen and members of school boards of incorporated cities and towns, public school trustees, officers and members of boards of managers of the State University and of its several branches, and of the various State educational institutions and of the various State eleemosynary institutions, and of the penitentiaries. This enumeration shall not be held to exclude from the operation and effect of this law any person included within its general provisions."

A brother-in-law of one of the county commissioners is related to that commissioner by affinity in the first degree.  Opinion No. O-119; T. T. R. R. Company vs. Overton, 1 App. C. C., Section 533; Baker vs. McRimmon (T. C. A.) 48 S. W. 742; Ex parte West, 60 Tex. Cr. Rep. 485, 132 S. W. 339; 2 C. J. 379.  Such relationship is, of course, within the degree prohibited by Article 432.

You state, "we are in doubt as to whether or not such action would be prohibited by the Nepotism Law since the employment need not be confirmed by the commissioners' court nor voted on by the Court." We assume that the contemplated employment is out of county funds (the County Road and Bridge Fund) and under such circumstances the County Commissioners' Court must necessarily, for it is its duty, approve such employment.  Under Articles 1573 and 1660, Vernon's Annotated Civil Statutes, all claims against a county must first be presented to the county auditor, if there be one, and then be presented to the commissioners' court for approval or rejection. Anderson vs. Ashe, 99 Tex. 447, 90 S. W. 874; Yantis vs. Montague Co., 50 Tex. Civ. App. 403, 110 S. W. 162; McLennan Co. vs. Miller, 257 S. W. 680; Bitter vs. Bexar Co., 266 S. W. 264.  Under such

circumstances it is our opinion that the employment is prohibited. We have so held.

In opinion No. O-272, this department held that the employment by one county commissioner of the nephew of another county commissioner would be a direct violation of Articles 432 and 433 of the Penal Code.

In opinion No. O-556, this department held that it would be a violation of the law for a commissioner of one precinct to appoint as overseer the nephew of the commissioner of another precinct, or to hire a relative of another commissioner to repair machinery when the labor is to be paid out of county funds.

Consequently, it is the opinion of this department, and you are advised that under Articles 432 and 433 of the Penal Code, a county commissioner may not hire one to work the roads in his precinct who is a brother-in-law of another of the commissioners when such employment is paid for out of public or county funds.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *James D. Smullen*

James D. Smullen
Assistant

JDS:EP

APPROVED DEC 6, 1940

*R W Fairchild*

*Acting* ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY *Bert*
CHAIRMAN